# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND**, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>and<br><br>**BRICKLAYERS AND ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND**, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers,<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>          **Plaintiffs,**<br><br>          v.<br><br>**WILLIAMS AND SONS MASONRY CO., LLC**<br>1907 Dartmouth Street, Apt. 1111<br>College Station, Texas  77840,<br><br>    Serve: Registered Agent<br>    United States Corporation Agents, Inc.<br>    9900 Spectrum Drive<br>    Austin, Texas  78717<br><br>          **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS
### DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Plaintiff, Bricklayers and Allied Craftworkers International Health Fund ("International Health Fund") is an employee welfare benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Health Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Health Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Health Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Health Fund are fiduciaries as provided in the International Health Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Health Fund.

3. Defendant Williams and Sons Masonry Co., LLC is a Texas corporation and has an office located at 1907 Dartmouth Street, Apt. 1111, in College Station, Texas, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

4. This is an action to collect contributions and other amounts due to employee benefit plans under the terms of a collective bargaining agreement and trust agreements and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

6. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

7. Defendant Williams and Sons Masonry Co., LLC has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 5 – Oklahoma/Arkansas/Texas ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of individuals performing certain work for the Defendant.

8. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for all hours of work it performed which is covered by the Collective Bargaining Agreements.

9. During the months of June 2018 through the present, the Defendant performed work within the jurisdiction of Local 7-TX, cover group 16, which is covered by the Collective Bargaining Agreements.

10. During the months of August 2018 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiffs as required by the Collective Bargaining Agreements and the Plaintiffs' Restated Agreements and Declarations of Trust.

11. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

12. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

13. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

## **COUNT I**

### **(UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS)**

14.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.     During the months of August 2018 through the present, the Defendant has failed to submit contractually-required remittance reports and pay all contributions owing to the Plaintiffs for covered work it performed within Local 7-TX, cover group 16, which is covered by the Collective Bargaining Agreements.

16.     Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

17.     By virtue of the failure to report and pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

18.     The Plaintiffs are entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

19. Plaintiffs will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment for Local 7-TX, cover group 16.

## COUNT II

### (AMOUNTS OWED FOR LATE CONTRIBUTION PAYMENTS)

20. Plaintiffs hereby restate and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. Defendant paid the contributions owed for work performed in Local 7-TX, cover group 16, under the Collective Bargaining Agreements, during the months of June 2018 and July 2018, after the due date.

22. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Plaintiffs are entitled to assess employers that fail to submit required monthly fringe benefit contributions by the due date for such payments with interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the late paid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total late paid contributions.

23. Defendant failed to submit its contributions for work performed in Local 7-TX, cover group 16, for the months of June 2018 and July 2018, by the due date for such payments. Defendant therefore owes, and has failed to pay to the Plaintiffs, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

24. The Plaintiffs are entitled to judgment against the Defendant for liquidated damages on the late paid contributions in the amount of $1,380.54 (calculated at the rate of 20% of the late paid contributions), plus interest to be calculated at the rate of 15% per annum from the due date of each payment.

## COUNT III

### (PAYROLL AUDIT)

25. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth in this Count III.

26. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Plaintiffs are permitted to conduct an audit of the Defendant's pertinent employment and payroll records.

27. Defendant has failed to report all hours of covered work performed, employee classifications, and correct and applicable contribution rates. As such, a payroll compliance review of Defendant's records is necessary to determine the exact amount owed by the Defendant to the Plaintiffs under the terms of the Collective Bargaining Agreements.

28. The Defendant has refused requests from the Plaintiffs to remit contractually required remittance reports and contributions.

29. Plaintiffs therefore seek to conduct a payroll compliance review of the records of Defendant for all work months during the period of December 2017 through the date the compliance review is completed.

**WHEREFORE,** Plaintiffs pray judgment on Counts I, II and III as follows:

A.    For contributions due and owing to the Plaintiffs for work performed during the months of August 2018 through the date of judgment in Local 7-TX, cover group 16, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B.    For $1,380.54 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in Local 7-TX, cover group 16, under the Agreements for the months of June 2018 and July 2018, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C.    For a Court Order requiring Defendant to submit payroll books and records to Plaintiffs, or their designees, for a payroll compliance review covering the period December 2017 through the date the review is completed.

D.    Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiffs' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E. For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiffs after August 2018, subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

F. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: December 20, 2018

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com


By:   /s/Charles W. Gilligan
      Charles W. Gilligan (Bar No. 394710)
      *Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 20th day of December 2018, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for Plan Benefits Security

>>/s/ Charles W. Gilligan
>>Charles W. Gilligan